The next case for oral argument this morning is 23-2739, United States v. Logeman. Ms. Masters, are you in here somewhere? Good morning. May it please the Court. Jonathan Logeman pled guilty to conspiracy to distribute methamphetamines and was sentenced to 200 months, nearly 17 years in prison. That sentence cannot stand. The Court committed procedural error by failing to address principal arguments in mitigation and by failing to explain his sentence with respect to the 3553A6 factors. And even if no procedural error occurred, the sentence is substantively unreasonable. The Court committed two types of procedural error regarding principal arguments in mitigation. It passed over some in silence and failed to give meaningful consideration to others. It passed over in silence Mr. Logeman's arguments that he was a middleman in the offense whose conduct was nonviolent and that his criminal history was nonviolent. The Court's sole comment about Mr. Logeman's offense conduct was that he pled guilty to participating in a conspiracy to distribute methamphetamine and the Court named one of his co-conspirators. That was procedural error, particularly when viewed in the context of the district court's obligation to sentence Mr. Logeman according to his role in the conspiracy and to apply that analysis to the 3553A factors. The Court also passed over in silence his argument that his criminal history was nonviolent. Additionally, the Court failed to give meaningful consideration to Mr. Logeman's principal arguments in mitigation that his history of mental illness and his addiction and the role of genetics led to his crime and should be considered. The government did not and does not contest evidence of the factual basis of either of those arguments and the district court appears to have rejected them, in particular the role of genetics and addiction, based upon its own beliefs that information from government websites might not be trustworthy and that anyone can write an article. Given those comments, this Court cannot have confidence from the transcripts that the Court gave those arguments meaningful consideration. Instead, it dismissed the role of genetics out of hand and that dismissal indeed contradicted… It seems that the Court just weighed it differently than you would like us to weigh it by noting the upbringing that he had and the fact that he was able to attend classes and do well. It seems you're asking us to put more weight on it. So, Your Honor, we would not agree with that because of the way the Court responded to the arguments about the role of genetics and the way the Court stated anybody can write an article on something and also stated the Court didn't think it helped necessarily that the article about the genetics came from a government website. Those indicate that the Court failed to give meaningful consideration to the argument and we are talking about somebody… But the Court acknowledged his mental health issues. The Court was certainly skeptical that they were genetically driven. But it found that the mental health was not so bad to excuse his criminal conduct here and went on to explain why, including his upbringing and the fact that he attended college. That sounds like a weight issue to me. Well, Your Honor, even if that's a weight issue on the consideration of mental health, it doesn't address the other arguments in which the Court passed over in silence and those are standalone issues upon which the Court can find and should find procedural error. And it doesn't also consider the issues about addiction. And we know from this record that Mr. Loegman had a history of addiction. And the Court acknowledged that. The Court acknowledged that he was a meth addict. But again, talked about his family support, talked about his upbringing, didn't prevent him from going to college. True enough, Your Honor, but it also, I think, reflects the fact that those comments about the family are also reflective of the fact that the Court seems to not be giving this… is letting its own personal views about parenting and about parent-child relationships interfere in granting this sentence. He's making these comments repeatedly about your parents must have been frustrated with you. You had good parents. I feel sorry for your parents. Those are not, not only are those not appropriate considerations within federal sentencing, but they're also contradictory to the record because the record actually reflects that Mr. Loegman's parents were very supportive of him. They are writing letters to the Court about his history of addiction and his childhood. And they are also, as the PSR states, they said he could come stay with them after he gets out of jail or prison. So that the Court appears to be projecting its own beliefs and its own feelings and emotions about what it must have been like to parent Mr. Loegman into a federal sentencing decision. And that is contrary to the law about in cases such as Trujillo where the Court specifically says you can't have confidence that those extraneous beliefs or thoughts or comments didn't play a role in sentencing. And those thoughts, in the most part, go towards the judge's overriding concern for significant criminal history. That seems to be driving the 3553 analysis here. And how do you put that in the context of anything that's overlooked, whether it's a stock argument? Has the judge weighed the 3553A arguments in any non-stock mitigation arguments? So the answer is there are cases, and again, Trujillo is one of them, where the Court says we can't have confidence. Even if you have explained your decision, Shostner is another one, even if you have explained your decision within the context of some factors, if the Court has passed over in silence arguments in mitigation, then the Court cannot have confidence that those arguments, if considered, would not have affected the sentence. And that's what's happened here, that the Court is passing them over in silence, at least the two of them. And one of them is a really big one. The Court is not commenting at all about Mr. Logeman's role in the offense. And it is sentenced without addressing what did he do in this offense. All it has said is one sentence about Mr. Logeman participated in a conspiracy to distribute methamphetamine, and he did so with another co-conspirator. That sentence, that alone is reason to hold that the Court did not ground its sentence in the 3553A factors. It's not addressing his offense conduct. I see I'm into my rebuttal. Thank you, Ms. Masters. Mr. Sanders, good morning. May it please the Court, Counsel. I'm David Sanders, and I represent the United States on appeal. This Court should affirm the District Court's decision below. The District Court's procedures were sound, and the District Court did not abuse its discretion when it imposed a within-guidelines sentence. First, the District Court properly calculated the guideline range. Second, the District Court properly considered the principal arguments in mitigation and proceeded to balance and weigh the 3553A factors. And when it did so, it fashioned a within-guidelines sentence of 200 months as a result of that balancing. As this Court is well aware, the District Court enjoys wide latitude in what weight to give those 3553A factors. And in this case, Judge Gilbert clearly balanced what he believed to be a serious offense committed by a young offender who had a substantial and continuous criminal history with that mitigating evidence presented to him. Deterrence in protecting the public was a clear principal concern for the Court. In particular, the Court focused on the fact that within the last 12 to 13 years of this young offender who was 30 years old at the time, he had amassed 17 criminal history points, which included 11 convictions. The PSR also noted that there were five pending cases, eight additional arrests, and that this defendant committed aggravated battery while in jail on the underlying charges. At the request or at kind of the defense counsel, the judge also recognized the extensive family support that this defendant had. Page 17 of the record shows that the Court considered all of the family support he had and considered that in mitigation before reaching his within-guidelines sentence. The defendant bears a significant burden to establish that the District Court abused its discretion when it fashioned its sentence, which he has not done so. So pending any questions, the government would rest on its brief and ask that the Court affirm the District Court's decision below. Thank you, Mr. Sanders. Thank you. Ms. Masters? I would stress to the Court that there has been no response and no argument that the Court did not consider the offense conduct, and that is the cornerstone of sentencing. Mr. Logeman argued that his conduct here was nonviolent in this offense. He argued that his criminal history was nonviolent. And the Court passed them over in silence. And there's no dispute from the government. The government just takes, and the record is clear on that. You can look at the context, which is what the Court is supposed to be doing. And within context, the reason Mr. Logeman was before the Court was to be sentenced upon his role in this conspiracy, and the Court just simply didn't address it. So I just want to make sure I understand the argument. So the Court did have the pre-sentence investigation report before him, and the judge obviously had looked at the PSR, which sets forth the various what Mr. Logeman actually did to merit the underlying offense. And so your argument, I take it, is more that the Court needed to explicitly do some sort of comparison between Mr. Logeman's role and the role of the other and the co-defendant for the other people that were involved in the conspiracy. Is that right? No, Your Honor. Our argument, and thank you for allowing me to clarify, our argument is that he had to make clear that he was sentencing Mr. Logeman on his offense conduct. That's because individuals are sentenced not on the conspiracy as a whole, but based upon their role. And there actually was a dispute here about Mr. Logeman's conduct and relevant to renting a car, and the car had been used in the shooting, and the Court didn't address that. And the PSR says Mr. Logeman denies that he knew anything about this, and then it is argued before the judge at the sentencing hearing about whether he's going to be held accountable for that, as that plays into the argument that his offense conduct was nonviolent, and the Court just passed over it in silence. And that's why it matters that Mr. Logeman is not – that the Court just passes it over in silence, this argument, and passes over in silence the argument about criminal history. If the Court has no other questions, we would ask that the sentence be reversed and the matter remanded for resentencing. Thank you. Thank you, Ms. Masterson. You were also appointed in this case? I was. Thank you for your fine advocacy.